IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ALVAIR DESOUSA, JR.** | : | |
| | : | **CIVIL ACTION** |
| | : | **No. 21-3961** |
| | : | |
| **v.** | : | |
| | : | |
| **MERRICK GARLAND, et al.** | : | |

**McHUGH, J.**                                                                                           **May 31, 2022**

**MEMORANDUM**

    Alvair Desousa Jr., an immigrant from Brazil, has filed a pro se complaint under 28 U.S.C. § 2241 which, with exhibits, spans more than a thousand pages. Upon review, I construe this pleading as attempting to bring a petition for habeas corpus. In 2010, Mr. Desousa was ordered removed from the United States. That same year, he was released from Immigration and Customs Enforcement (ICE) custody pursuant to an order of supervision which governed the terms of his release and subjected him to various requirements. That order of supervision was renewed in 2014 when he was released from state custody on unrelated criminal charges. He now challenges the order of supervision seemingly on the ground that his supervision has continued for so long that it is unconstitutional. Although I conclude that Mr. Desousa is "in custody" for purposes of habeas corpus review, I further conclude that the requirements of his order of supervision do not violate the Constitution or federal law. Accordingly, Defendants' Motion to Dismiss (ECF 15) must be is granted.

**I.     Factual Background**

Petitioner Alvair Desousa Jr. is a native and citizen of Brazil.[1] On January 11, 2010, he was ordered removed from the United States to Brazil. Removal Order, Ex. A. to Defendant's Motion to Dismiss, ECF 15-1; Declaration of John Edward Rife Jr., ICE Deputy Field Officer Director for Philadelphia Field Office at ¶ 1, Ex. B to Defendants' Mot. to Dismiss, ECF 15-1. On August 25, 2010, he was released from ICE custody pursuant to an Order of Supervision. *Id.* at ¶ 2. Approximately two years later, on July 1, 2012, he was taken into the custody of Philadelphia's Curran-Fromhold Correctional Facility because of a state criminal charge. *Id.* at ¶ 3. He was released from criminal custody and into ICE custody on March 13, 2014. *Id.* at ¶ 5. That same day, ICE released Mr. Desousa from its custody on a renewed order of supervision. *Id.* at ¶ 6. Mr. Desousa remains subject to a final removal order. However, because ICE has been unable to obtain the necessary travel documents to effectuate his removal, he continues to reside in the United States. Mot. to Dismiss at 3, ECF 15. On August 20, 2021, Mr. Desousa filed this action naming the Mayor of Philadelphia and various officers of the United States Government as respondents.[2]

Mr. Desousa contends that "ICE Director arbitrarily holds plaintiff under house arrest (see Order of Supervision) since 08/26/2010." Petition at 3. He asks the Court to "Terminate ICE

---

[1] In some of his pleadings, Petitioner alleges that he is not an immigrant. For instance, Mr. Desousa alleges that "he is a Natural America[n], born in U.S. soil and should never be subject to deportation of any sort." Desousa Resp. at 4, ECF 19. With him facing an order of removal, I do not find this allegation plausible in the absence of some documentary support. *See In re Burlington Coat Factory Securities Litigation*, 114 F.3d 1410, 1429-30 (3d.Cir.1997) (citations omitted) (reasoning that "a court need not credit a complaint's 'bald assertions' or 'legal conclusions'" when deciding a motion to dismiss.).

[2] In his filing, Mr. Desousa seeks damages related to ICE authorities' alleged imprisonment of Plaintiff with "a fracture wired shut mouth." Habeas Petition at 3. He then attached extensive medical records from more than a decade ago. To the extent that Mr. Desousa is now attempting to raise civil rights or tort claims, which is not clear, the statute of limitations would clearly have expired. And if he seeks to assert a federal tort claim, he does not allege that he has exhausted his administrative remedies by filing a timely administrative claim as required by the Federal Tort Claims Act. The Mayor and other extraneous defendants were dismissed. ECF 10.

Decades old Supervision/Spy, Surveillance and Monitoring of Plaintiff Home (house arrest), Discontinue auto Pursuit, Re-state Plaintiff U.S. Constitutional Rights (Right to Life, Liberty, Vote & etc.), Provide Alien/Citizen document for Travel." Habeas Petition at 3 (cleaned up).  A review of the order of supervision from 2010 that Mr. Desousa attached to his petition does not impose a condition of house arrest.  Ex 1 at 3-4 – Order of Supervised Release, ECF 1.  Among the conditions imposed on him in the order of supervision are that he must not commit any crimes or be associated with criminal activity, must report to a parole or probation officer within five business days of the order, must follow all reporting and supervision requirements as mandated by the parole or probation officer, must make good faith and timely efforts to obtain a travel document and assist ICE in obtaining a travel document, must follow any prescribed doctor's orders whether medical or psychological, including taking prescribed medications, and must participate in a supervised release program.  *Id.*  Nowhere is house arrest mentioned.

Nor is house arrest supported by ICE records.  To assist with the screening of the pro-se complaint, and to discern whether there was an actionable claim, the Court requested the United States Marshal to inquire as to whether Mr. Desousa was in ICE custody.  He was not, and aside from ICE reviewing his case upon release from state custody in 2014, it appears that he last reported to an ICE field office on April 13, 20212.  As with Desousa's claims of citizenship, without further support, I do find his allegation of house arrest plausible.

The one question ripe for consideration is whether his non-custodial supervision is lawful.

## II.     Standard of Review

Within the Third Circuit, motions to dismiss under Fed. R. Civ. P. 12(b)(6) are governed by the well-established standard set forth in *Fowler v. UPMC Shadyside,* 578 F.3d 203, 210 (3d Cir. 2009).

### III. Discussion

A petitioner is entitled to habeas relief if his "custody [is] in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490, 109 S.Ct. 1923.

> *A. Jurisdiction over Habeas Claims: Mr. Desousa is in Custody for Purposes of his Habeas Corpus Petition and therefore, the Court Has Jurisdiction*

The first issue before me is whether Mr. Desousa is "in custody" for the purposes of habeas relief. He is neither incarcerated, in civil detention, nor under house arrest. Nonetheless, he remains under an order of supervision. The Government argues that because Mr. Desousa is not in physical custody, his habeas petition is moot. I disagree. The Supreme Court has repeatedly held that the in-custody requirement for habeas relief is met where the Government restricts a petitioner's freedom of action or movement. *See, e.g.*, *Jones v. Cunningham*, 371 U.S. 236, 243 (1963) (reasoning that parole "imposes conditions which significantly confine and restrain [petitioner's] freedom [which] is enough to keep him in [] custody" within the meaning of the habeas corpus statute); *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (parolee's challenge to the validity of his conviction can be maintained if a "collateral consequence" of the conviction still exists). District Courts have extended this reasoning to immigrants who are not detained but are subject to an order of supervision. *See Doe v. Barr*, 479 F.Supp.3d 20, 26 (S.D.N.Y. 2020) (holding that an order of supervision renders an immigrant petitioner "in custody" for the purposes of habeas corpus review); *Lawrence v. Gonzales*, No. 12-cv-4076 (KBF), 2013 WL 1736529, at *2 (S.D.N.Y. Apr. 19, 2013) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687–88 (2001)) (holding that individuals may rely on 28 U.S.C. §2241(c)(3) to "seek [] release from post-removal-period detention and supervision."). Given that Mr. Desousa is subject to various requirements pursuant to the Order of Supervision, including to "participate in a supervised release program" and "follow

all probation/parole requirements," I find that his freedom is sufficiently curtailed such that he is in custody for the purposes of habeas corpus.[3]

    B. *Desousa has Failed to State Sufficient Facts to Establish that the Order of Supervision Violates the Constitution or Federal Law*

Having concluded that Mr. Desousa is in custody for the purposes of habeas review, I next consider whether he has alleged sufficient facts to support a finding that the order of supervision violates the United States Constitution or federal law.

As a threshold matter, is it is unclear on what grounds Mr. Desousa is challenging the order of supervision. In his habeas petition, he cites no legal authority nor advances any arguments as to why the order of supervision is unconstitutional or violates federal law. I must nonetheless liberally construe pro se filings, *Leamer v. Fauver*, 288 F.3d 532, 547 (3d Cir. 2002); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), and apply the "relevant legal principle" irrespective of whether a pro se litigant has mentioned the relevant law by name, *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244 (3d Cir. 2013). In applying these standards, I conclude that Mr. Desousa is raising due process claims under the Fifth Amendment.[4]

---

[3] The Third Circuit's has not addressed this issue though a panel has issued a non-precedential decision. *Nunes v. Decker*, 480 F. App'x 173, 174-75 (3d Cir. 2012).

[4] In Mr. Desousa's response to Defendants' Motion to Dismiss, he alleges that he the conditions of supervision "violates procedural safe ga[u]rd under the Due Process Clauses of the Fourteenth Amendment" Desousa Resp. at 5, ECF 19 (cleaned up) which the Court construes to be a procedural due process claim under the Fifth Amendment because he is bringing claims against federal officials. As noted above, Philadelphia Mayor Jim Kenney, the only non-federal defendant, was previously dismissed. ECF 10.

Although Mr. Desousa does not explicitly state that he is raising a substantive due process claim, his references to being free from supervision and surveillance, having the right to "life, liberty, [and] vot[ing]," Habeas Petition at 3, point toward a substantive due process claim. Substantive due process "prevents the government from engaging in conduct that shocks the conscience ... or interferes with the rights implicit in the concept of ordered liberty." *United States v. Salerno,* 481 U.S. 739, 746, (1987) (internal citations omitted). The Supreme Court has observed that "[f]reedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that Clause protects." *Zadvydas,* 533 U.S. at 690 (2001).

With respect to procedural due process, "the [f]undamental requirement of [procedural] due process is the opportunity to be heard at a meaningful time and in a meaningful manner." *Mathews v. Eldridge,* 424 U.S. 319, 333 (1976); *see also Mulholland v. Government County of Berks, Pa.* 706 F.3d 227, 228 (3d Cir. 2013). However, Mr. Desousa has not alleged any facts to establish that he was denied an opportunity to be heard in connection with his release subject to the order of supervision. He waived appeal when his removal order was issued, (ECF 15, Ex. 2), and in any event the time within which to appeal has long since expired. 8 U.S.C. 1252(b)(1). If Mr. Desousa is attempting to raise a substantive due process claim, he has similarly failed to allege facts sufficient to show a misuse of governmental power that shocks the conscience. *Fagan v. City of Vineland*, 22 F.3d 1296, 1303 (3d Cir. 1994).

To the extent that Mr. Desousa otherwise seeks to challenge the requirements set forth in the order of supervision, he has again failed to allege facts sufficient to demonstrate that the order of supervision violates the Constitution or federal law. ICE has the statutory and regulatory authority to release persons with removal orders under an order of supervision. The Immigration and Naturalization Act specifies that once an order of removal against an immigrant becomes final, the Attorney General "shall remove the [immigrant] from the United States within a period of 90 days" and directs the Attorney General to detain the [immigrant] during this time. 8 U.S.C. § 1231(a)(1), (2). If the immigrant is not removed, as is the case here, the statute mandates that at the close of the ninety-day window, he "shall be subject to supervision under regulations prescribed by the Attorney General." 8 U.S.C. § 1231(a)(3). The regulations promulgated pursuant to this directive authorize supervised release following a determination that the immigrant is unlikely to pose a danger to the community or a risk of flight. 8 C.F.R. § 241.4(e). They further require that, upon such release, the immigrant shall be subject to conditions of supervision

including reporting to a specified officer, continuing efforts to obtain travel documents, reporting for physical and mental examinations, obtaining advance approval of travel, and providing written notice of any change in address. 8 C.F.R. § 241.5(a). The conditions of supervised release imposed upon Mr. Desousa, as described above, fall squarely within the parameters authorized by the statute and the regulations.[5]

To the extent that Desousa contends that the order of supervision is unconstitutional or violates federal law because of its indefinite duration, this argument would fail to state a claim on which relief could be granted.[6] In *Zadvydas v. Davis,* 533 U.S. 678 (2001), the Supreme Court, faced the question of whether an immigrant who had been ordered removed could be indefinitely detained beyond the 90-day removal period. It held that the removal statute (8 U.S.C. § 1231) "read in light of the Constitution's demands, limits an [immigrant's] post-removal-period detention to a period reasonably necessary to bring about [the] removal from the United States" and "does not permit indefinite detention." *Zadvydas*, 533 U.S. at 689. The Court reasoned that when removal is not reasonably foreseeable, the prospect of indefinite detention raises due process concerns. *Id.* at 690.[7] In so holding, however, the Court noted that the Government has alternatives to detention, set forth in 8 U.S.C. § 1231(a)(3), giving the Attorney General authority to prescribe regulations governing supervision of immigrants not removed within 90 days.

---

[5] In Mr. Desousa's release notification from 2010, he was informed that he "may be required to participate in an Alternatives to Detention (ATD) Program which may include the use of Active/Passive GPS monitoring, monthly reporting and telephonic reporting" and on the Order of Supervision Addendum, he was also required to comply with the "Enhanced Supervised Release Program." Petition, Ex 1, 1,4 – Release Notification and Order of Supervision, ECF 1. However, Mr. Desousa has not pleaded that he is presently required to participate in a more restrictive supervision program.

[6] The closest Mr. Desousa comes to making this argument is when he asks the court to "Terminate ICE Decades old Supervision/Spy." Habeas Petition at 3 (cleaned up).

[7] The Court went on to state that detention of up to six months was presumptively reasonable to bring about the immigrant's removal from the United States. *Zadvydas*, 533 U.S. at 689, 701.

Mr. Desousa is not currently being detained and remains subject to a lawful order of removal. His situation may be unusual, but given his immigration status, I do not see a basis for holding that continued supervision with these minimal restrictions is unlawful.

### IV. Conclusion

Although Mr. Desousa is in custody for the purposes of habeas corpus review, he has not pleaded sufficient facts to show that the order of supervision violates the Constitution or federal laws. Accordingly, Defendants' Motion to Dismiss must be granted. This action will be dismissed. An appropriate order follows.

    /s/ Gerald Austin McHugh
United States District Judge